UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

            Plaintiff,

       v.                                      Case No. 09-cr-40082-JPG-2

DEANDRE D. BROWN,

            Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Deandre D. Brown's amended motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 222).   The Government has responded to the motion, indicating that the parties jointly recommend a specific reduction (Doc. 227).

The defendant pled guilty to one count of conspiracy to distribute 100 grams or more of heroin in 2009 (Count 1) and one count of conspiracy to distribute cocaine and 50 grams or more of crack cocaine from 2007 to 2009 (Count 2).   The statutory sentencing range for Count 2 at that time the defendant committed that crime was 10 years to life in prison.   21 U.S.C. § 841(b)(1)(A)(iii) (2009). In December 2011, the Court sentenced the defendant to serve 240 months on Count 1 and 262 months on Count 2, to run concurrently.   The Court imposed this sentence in accordance with the sentencing guideline amendments called for by the Fair Sentencing Act but not considering the new statutory ranges created by the Fair Sentencing Act, which had not yet been declared retroactive by *Dorsey v. United States*, 567 U.S. 260 (2012), to crimes committed before August 3, 2010, but sentenced after that date.   Following retroactive changes to the sentencing guidelines made by Amendment 782, the Court reduced Brown's sentence of imprisonment on both counts to 210 months.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[1] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense.   First Step Act, § 404(b).   In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges.   The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses.   *See* First Step Act, § 404(a).   Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act.   First Step Act, § 404(c).   In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was

---

[1] Section 404 of the First Step Act provides in full:

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act.  *See United States v. Shaw*, 957 F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).   Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well.  *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

The defendant committed his federal crime in Count 2 before August 3, 2010, and the parties agree that the Fair Sentencing Act changed the statutory punishment for Count 2 to 5 to 40 years in prison.  21 U.S.C. § 841(b)(1)(B)(iii).   Therefore, all parties agree that the defendant is eligible for a reduction.

The defendant and the Government have jointly recommended a reduction to a term of imprisonment of 188 months on each count, to run concurrently.   The Court has reviewed the relevant sentencing factors set forth in 18 U.S.C. § 3553(a) as well as the defendant's pre- and post-conviction conduct, *see Shaw*, 957 F.3d at 741, and finds that the agreed reduction is appropriate.

Accordingly, the Court **GRANTS** the defendant's motion for a reduction (Doc. 222) to 188 months on each count, to run concurrently, followed by a term of supervised release of 3 years on Count 1 (already in place) and 4 years on Count 2 (reduced from 5 years), to run concurrently.   It will enter a separate order of reduction in the Court's standard format.   In light of this ruling, the Court **DENIES as moot** the defendant's *pro se* motion for a reduction (Doc. 206).

**IT IS SO ORDERED.**
**DATED:   October 26, 2020**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**

3